UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAWNA MCINTIRE,<br><br>                  Plaintiff,<br><br>    v.<br><br>HOUSING AUTHORITY OF<br>SNOHOMISH COUNTY,<br><br>                  Defendant. | Case No. C22-1757-MLP<br><br>ORDER |

## I.    INTRODUCTION

This matter is before the Court on Plaintiff Shawna McIntire's ("Plaintiff") Motion (the "Motion" (dkt. # 29)) to Strike: (1) Defendant Housing Authority of Snohomish County's ("Defendant") Response in Opposition to Plaintiff's Motion to Strike Declaration of Jenisa Story (the "Surreply" (dkt. # 24)); and the accompanying (2) Declaration of Kristin Whittaker (the "Whittaker Declaration" (dkt. # 25)); and (3) Supplemental Declaration of Jenisa Story (the "Supplemental Story Declaration" (dkt. # 26)). Having considered the parties' submissions, the balance of the record, and the governing law, Plaintiff's Motion (dkt. # 29) is GRANTED, as further explained below.

ORDER - 1

## II. BACKGROUND

Plaintiff filed her Motion for Partial Summary Judgment (dkt. # 16) on February 8, 2024, to which Defendant filed its opposition (dkt. # 19) on February 26, 2024. Plaintiff's reply (the "Reply" (dkt. # 22)) was filed February 29, 2024, and included a request to strike the Declaration of Jenisa Story (the "First Story Declaration" (dkt. # 21)). Defendant filed the Surreply, including the Whittaker Declaration and Supplemental Story Declaration, on March 21, 2024, to contest Plaintiff's request to strike the First Story Declaration.[1] Defendant did not file notice of intent to file a surreply pursuant to Local Civil Rule ("LCR") 7(g)(1).

Plaintiff objected to Defendant's filing of the Surreply on procedural grounds, and the Court held a telephonic hearing pursuant to LCR 7(i) on March 22, 2024. (Dkt. # 28.) The Court heard arguments from counsel and directed Plaintiff's counsel to file a formal motion to strike. (*Id.*) Plaintiff filed this Motion on March 25, 2024, and Defendant filed its response on March 27, 2024 (the "Response" (dkt. # 31)).

## III. DISCUSSION

Pursuant to LCR 7(g), a surreply may only be filed to request "to strike material contained in or attached to a reply brief." Additionally, the filing party must comply with the following procedural requirements:

(1) That party must file a notice of intent to file a surreply as soon after receiving the reply brief as practicable.

(2) The surreply must be filed within five days of the filing of the reply brief, and shall be strictly limited to addressing the request to strike. Extraneous argument or a surreply filed for any other reason will not be considered.

---

[1] The Surreply is styled as a "Response in Opposition to Plaintiff's Motion to Strike Declaration of Jenisa Story," and Defendant's counsel asserts, without identifying any procedural basis, that the Surreply is an opposition to Plaintiff's arguments in favor of striking the First Story Declaration. (Dkt. ## 24, 31.) The rules do not contemplate any procedure to file pleadings in response to a reply brief beyond those outlined in LCR 7(g). Accordingly, the Court will evaluate this filing as a surreply under LCR 7(g).

LCR 7(g).

Defendant's Surreply is defective on at least three separate grounds. First, Defendant did not file a notice of intent to file a surreply as required under LCR 7(g)(1). Second, Defendant did not file the Surreply within five days of the filing of Plaintiff's Reply as required by LCR 7(g)(2)—the Reply was filed on February 29, 2024, and the Surreply was filed twenty-one days later on March 21, 2024. Third, Defendant's Surreply was not filed "to strike material contained in or attached to" Plaintiff's Reply. *See* LCR 7(g). At oral argument and in the Response, Defendant's counsel explained that he filed the Surreply to contest Plaintiff's request to strike the First Story Declaration, not to strike materials from Plaintiff's Reply. (Response at 1.) Furthermore, the Surreply included two new declarations containing factual allegations, presumably for the purpose of adding disputed facts to the parties' briefing on the summary judgment motion. Since the Surreply contains "[e]xtraneous argument," it "will not be considered." LCR 7(g)(2); *see GB Int'l v. Crandall*, 403 F. Supp. 3d 927, 931 n.2 (W.D. Wash. 2019) (striking surreply for providing additional briefing and evidence in response to a summary judgment motion); *Echlin v. Dynamic Collectors, Inc.*, 102 F. Supp. 3d 1179, 1181 n.1 (W.D. Wash. 2015) (same).

Given the procedural deficiencies, untimeliness, and content of Defendant's Surreply, the Court grants Plaintiff's Motion to strike the Surreply and accompanying declarations (dkt. ## 24, 25, 26.) To the extent Defendant's counsel seeks to further contest Plaintiff's request to strike the First Story Declaration, they may do so during oral argument on Plaintiff's Motion for Partial Summary Judgment (dkt. # 16).

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that:

ORDER - 3

(1) Plaintiff's Motion (dkt. # 29) is GRANTED.

(2) Defendant's Surreply (dkt. # 24), Whittaker Declaration (dkt. # 25), and Supplemental Story Declaration (dkt. # 26) are STRICKEN.

(3) The Clerk is directed to send copies of this Order to the parties.

Dated this 28th day of March, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4