HON. MICHELLE PETERSON

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAWNA MCINTIRE,<br><br>                    Plaintiff,<br><br>    v.<br><br>HOUSING AUTHORITY OF<br>SNOHOMISH COUNTY,<br><br>                    Defendant. | Case No. 22-cv-01757 MLP<br><br>[PROPOSED] PRETRIAL ORDER |

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to its federal question jurisdiction as to all federal claims under 42 USC 1983 and the Fair Housing Act, 42 U.S.C. sec. 3604, and supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a) because those claims arise out of the same operative facts as the federal claims.

Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391 because the unlawful acts alleged occurred in this district.

## II. CLAIMS AND DEFENSES

The Plaintiff will pursue at trial the following claims:

1. First Claim: Violation of Plaintiff's rights under the Violence Against Women Act. Liability on this claim was already determined by the Court. Plaintiff will pursue general, special, and punitive damages on this claim at trial.

2. Second Claim: Violation of Plaintiff's Procedural Due Process Rights. Liability on this claim was already determined by the Court. Plaintiff will pursue general, special, and punitive damages on this claim at trial.

3. Third Claim: Breach of Contract. Liability on this claim was already determined by the Court. Plaintiff will pursue economic damages on this claim at trial.

4. Fourth Claim: Plaintiff is not pursuing the Fourth Claim at trial.

5. Fifth Claim: Plaintiff is not pursuing the Fifth Claim at trial

6. Sixth Claim: Conversion. Liability on this claim was already determined by the Court. Plaintiff will pursue general and special damages on this claim at trial.

7. Seventh Claim: Violation of the Consumer Protection Act. Defendant committed a violation of the Consumer Protection Act when it disposed of Ms. McIntire's property in violation of RCW 59.18.312.

Defendant will present the following affirmative defenses at trial:

HASCO intends to pursue the following affirmative defenses at trial:

1. The injuries and damages, if any, claimed by Plaintiff were proximately caused by the contributory and/or comparative negligence of Plaintiff and must be apportioned.

2. Plaintiff assumed the risk of her injuries, and her claims are barred in whole or in part, as to HASCO based on Plaintiff's assumption of risk.

3. The injuries and damages, if any, claimed by Plaintiff were proximately caused by third parties over whom HASCO has no control.

4. If Plaintiff has suffered any damages, recovery is barred by Plaintiff's failure to mitigate such damages.

5. HASCO is not liable for the intentional torts of others.

6. Some or all of Plaintiff's alleged damages were caused by actions, omissions or circumstances unrelated to any action or omission of HASCO.

7. Plaintiff's damages, if any, were caused by Plaintiff's breach of contract.

8. Plaintiff's claims were previously addressed and decided in other legal actions involving the same issues and same parties, and Plaintiff is unable to obtain a different result in this action.

9. Plaintiff is seeking to recover more than Plaintiff is entitled to recover in this case, and award of the judgment sought by the Plaintiff would unjustly enrich her.

### III. ADMITTED FACTS

Plaintiff was evicted for nonpayment of rent and a default judgment of $26,830 plus costs, fees, and interest was entered in state court and that that judgment has not been paid.

### IV. ISSUES OF LAW

1. Whether injunctive relief should be ordered against HASCO pursuant to either 42 U.S.C. sec. 1983 for Defendant's violations of the Violence Against Women Act or the Due Process Clause;

2. Whether injunctive relief should be ordered against HASCO pursuant to RCW 49.60.030(2) or RCW 19.86.090 for its violations of the Washington Law Against Discrimination or the Consumer Protection Act;

3. Whether Defendant's affirmative defenses are precluded by law because they are inapplicable to the claims presented. Pursuant to an agreement of the parties, Defendant abandoned the following affirmative defenses stated in its answer: 5, 7, 9, 10, and 12.

## V. EXPERT WITNESSES

The Parties do not intend to call any expert witnesses at trial.

## VI. OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

A. **On behalf of Plaintiff:**

| NAME & ADDRESS | WILL TESTIFY OR MAY TESTIFY | AREA OF TESTIMONY |
|---|---|---|
| Shawna McIntire<br>Contact via Counsel | Will Testify | Ms. McIntire will testify regarding her tenancy at Alderwood Apartments, her dispute with HASCO regarding loss of the housing voucher, her status as a victim of domestic violence and her dispute with HASCO regarding that issue, her eviction, and her emotional distress and loss of property resulting from her eviction and loss of assistance from HASCO. |
| Kristen Whittaker<br>Contact via Defendant's Counsel | May Testify | Ms. Whittaker will testify as to HASCO's policies and procedures for complying with VAWA; her interactions with Ms. McIntire; and other issues relating to Ms. McIntire's tenancy, eviction, and destruction of her personal property. |

| Jodie Halsne<br>Contact via Defendant's Counsel | May Testify | Ms. Halsne will testify to HASCO's administrative procedures; HASCO's policies regarding administrative hearings for Ms. McIntire; and Ms. Halsne's rejection of Ms. McIntire's request for an administrative hearing regarding the loss of the voucher. |
|---|---|---|
| Tonyia H. Jenkins<br>14929 8th Pl. West, Lynnwood, WA 98087 | Will Testify | Ms. Jenkins will testify to her observations of the emotional distress of the Plaintiff and the aftermath of her eviction. |
| Ryan Weatherstone<br>575 S. Michigan Street, Seattle, WA | May Testify | Mr. Weatherstone may testify regarding the physical eviction of the plaintiffs and the date for that eviction. |
| Sara Max<br>Contact via Defendant's Counsel | May Testify | Ms. Max may testify regarding her knowledge as stated in HASCO's 30(b)(6) deposition. |
|  |  |  |

HASCO will or may call the following witnesses:

| NAME & ADDRESS | WILL TESTIFY OR MAY TESTIFY | AREA OF TESTIMONY |
|---|---|---|
| Shawna McIntire<br>Contact via Plaintiff's Counsel | Will testify | Ms. McIntire is the plaintiff in this case. She will testify regarding her tenancy at Alderwood Apartments, as well as her communications with HASCO and other entities regarding the tenancy. |
| Kenneth McIntire<br>15914 44th Ave. W., Apt. B 204<br>Lynnwood, WA 98087 | May testify | Mr. McIntire is the plaintiff's ex-husband. He may testify regarding his personal observations of purported events occurring during the time he resided at Alderwood Apartments, his relationship with Plaintiff, his correspondence to HASCO personnel |

| NAME & ADDRESS | WILL TESTIFY OR MAY TESTIFY | AREA OF TESTIMONY |
|---|---|---|
| | | regarding the same, and his status as a US veteran. |
| Kristen Whittaker<br>Contact via Defendant's Counsel | Will testify | Ms. Whittaker served as the Portfolio Manager for HASCO properties, including Alderwood Manor. Ms. Whittaker will testify as to HASCO's policies, procedures, and practices; her communications with Plaintiff; observations of Plaintiff's apartment; the warnings and offers of assistance to Plaintiff; and the eviction process of Plaintiff. |
| Ronnie Wendell<br>Contact via Defendant's Counsel | May testify | Ms. Wendell served as HASCO's Portfolio Administrative Specialist. Ms. Wendell may testify as to her communications with Plaintiff, observations of Plaintiff's apartment, the warnings and offers of assistance to Plaintiff, and the eviction process of Plaintiff. |
| Cheryl Patten<br>Contact via Defendant's Counsel | May testify | Ms. Patten served as an Asset Management Assistant for HASCO. Ms. Wendell may testify as to her communications with Plaintiff, the warnings and offers of assistance to Plaintiff, and the eviction process of Plaintiff. |
| Tamara Self<br>Contact via Defendant's Counsel | May testify | Ms. Self served as HASCO's Senior Account Technician. Ms. Self may testify as to HASCO's policies, procedures, and practices; her communications with Plaintiff; the warnings and offers of assistance to Plaintiff; and the eviction process of Plaintiff. |
| Jodie Halsne<br>Contact via Defendant's Counsel | May testify | Ms. Halsne served as HASCO's Director of Tenant Based Assistance. Ms. Halsne may testify as to HASCO's policies, procedures, and practices. |
| Brittany Conner<br>Contact via Defendant's Counsel | May testify | Ms. Conner served as a Housing Specialist for HASCO. Ms. Conner may testify regarding her communications with Plaintiff and with Kenneth McIntire, her review of Plaintiff's tenant file, and the eviction process of Plaintiff. |
| Steve Kehler<br>Contact via Defendant's Counsel | May testify | Mr. Kehler served as HASCO's Director of Asset Management. Mr. Kehler may testify as to HASCO's policies, procedures, and practices; his communications with Plaintiff; |

| NAME & ADDRESS | WILL TESTIFY OR MAY TESTIFY | AREA OF TESTIMONY |
|---|---|---|
|  |  | observations of Plaintiff's apartment; the warnings and offers of assistance to Plaintiff; and the eviction process of Plaintiff. |
| Jenisa Story<br>Contact via Defendant's Counsel | May testify | Ms. Story served as HASCO's Chief Operating Officer. Ms. Story may testify as to HASCO's policies, procedures, and practices. |
| Sarah Max<br>Contact via Defendant's Counsel | May testify | Ms. Max serves as HASCO's Director of Internal Legal Affairs. Ms. Max may testify as to HASCO's policies, procedures, and practices. |
| Ryan Weatherstone<br>575 S. Michigan St.<br>Seattle, WA 98108 | May testify | Mr. Weatherstone is an attorney who represented and advised HASCO throughout the eviction process of Plaintiff. Mr. Weatherstone may be called to testify regarding his communications with Plaintiff's attorneys about the same. |
| Ashley Weathersbee<br>Contact via Defendant's Counsel | May testify | Ms. Weathersbee served as a HASCO Community Manager for Alderwood Apartments. Ms. Weathersbee may testify regarding her communications with Plaintiff, observations of Plaintiff's apartment, the warnings and offers of assistance to Plaintiff, and the eviction process of Plaintiff. |
| Kelly Klemish<br>5600 186th Pl. SW<br>Lynnwood, WA 98037<br>425-599-9255 | May testify | Ms. Klemish was Plaintiff's neighbor who reported illegal activities occurring at Plaintiff's apartment. Ms. Klemish may testify regarding her personal observations of purported events occurring during the time Plaintiff resided at Alderwood Apartments. |
| Michael Butler<br>5600 186th Pl. SW<br>Lynnwood, WA 98037<br>425-599-9255 | May testify | Mr. Butler was Plaintiff's neighbor who reported illegal activities occurring at Plaintiff's apartment. Mr. Butler may testify regarding her personal observations of purported events occurring during the time Plaintiff resided at Alderwood Apartments. |
| Brishana Hocog<br>2801 Lombard<br>Everett, WA 98207 | May testify | Ms. Hocog works for the Volunteers of America of Western Washington as an Eviction Prevention Program Support/ Landlord Engagement representative. Ms. Hocog may be called to testify regarding her communications with Plaintiff and offers of support and housing resources to Plaintiff. |

| NAME & ADDRESS | WILL TESTIFY OR MAY TESTIFY | AREA OF TESTIMONY |
|---|---|---|
| Lynnwood Police Officers 1932 144th Ave. W Lynnwood, WA 98036 | May testify | Officer(s) of the Lynnwood Police Department may be called to testify regarding their personal observations of purported events occurring during the time Plaintiff resided at Alderwood Apartments. |
| Nancy Larson | May testify | Ms. Larson served as HASCO's Portfolio Coordinator. Ms. Larson may testify as to her communications with Plaintiff; observations of Plaintiff's apartment; and the eviction process of Plaintiff. |

## VII. EXHIBITS

### A. Plaintiffs' Exhibits

| Ex No. | Document | Stipulate to Admissibility | Dispute Admissibility | Stipulate to Authenticity | Dispute Authenticity |
|---|---|---|---|---|---|
| 1. | McIntire Rental Agreement (2017) | X | | X | |
| 2. | HAP Contract | X | | X | |
| 3. | HASCO Change of Circumstances Form (5/8/19) | | Relevance | X | |
| 4. | No Contact Order | X | | X | |
| 5. | Roommate Release Form | X | | X | |
| 6. | Email between Shawna McIntire and Kristen Whittaker (2/7/20) | X | | X | |

[P~~ROPOSED~~] PRETRIAL ORDER -Page 8 of 17

| Ex No. | Document | Stipulate to Admissibility | Dispute Admissibility | Stipulate to Authenticity | Dispute Authenticity |
|---|---|---|---|---|---|
| 7. | Email between Shawna McIntire and Kristen Whittaker (2/20/20) | X | | X | |
| 8. | Email from Shawna McIntire to Kristen Whittaker (3/6/20) | X | | X | |
| 9. | HASCO Email chain (March 10, 2020) | X | | X | |
| 10. | McIntire Housing Application to HASCO | X | | X | |
| 11. | HASCO Housing Rejection Letter to McIntire | X | | X | |
| 12. | 9/14/2021 Email from Kristen Whittaker to Ashley Weathersbee with Attached 14-day Notice | | Relevance | X | |
| 13. | Email from Ryan Weatherstone to Erika Lim (12/21/21) | X | | X | |

| Ex No. | Document | Stipulate to Admissibility | Dispute Admissibility | Stipulate to Authenticity | Dispute Authenticity |
|---|---|---|---|---|---|
| 14. | Email from Kristen Whittaker to Tamara Self (2/22/22) | X | | X | |
| 15. | Email from Tamara Self to Shawna McIntire (2/22/22) | X | | X | |
| 16. | Demand for Storage | X | | X | |
| 17. | Video of Apartment after eviction | X | | X | |
| 18. | Photograph of storing property | X | | X | |
| 19. | Photograph of storing property | X | | X | |
| 20. | Photograph of property in storage unit | X | | X | |
| 21. | Selected Portions of HASCO administrative plan from 2023 | X | | X | |
| 22. | Selected portions of HASCO administrat | | Relevance | X | |

| Ex No. | Document | Stipulate to Admissibility | Dispute Admissibility | Stipulate to Authenticity | Dispute Authenticity |
|---|---|---|---|---|---|
| | ive plan from 2022 | | | | |
| 23. | ERPP Notice from HASCO to Plaintiff | X | | X | |
| 24. | Notice to HASCO from Plaintiff | X | | X | |

HASCO lists the following additional exhibits that it intends to offer at trial.

| Ex No. | Document | Stipulate to Admissibility | Dispute Admissibility | Stipulate to Authenticity | Dispute Authenticity |
|---|---|---|---|---|---|
| 100 | Annual Personal Declaration Form (10/18/2018) | X | | X | |
| 101 | Change of Circumstances Form (3/12/2019) | X | | X | |
| 102 | Email from Kenneth McIntire to Phyllis Renteria (3/6/2019) | X | | X | |
| 103 | Email from Kenneth McIntire to Kristen Whittaker (3/16/2019) | X | | X | |
| 104 | Email from Shawna McIntire to Kristen | X | | X | |

[PROPOSED] PRETRIAL ORDER -Page 11 of 17

| Ex No. | Document | Stipulate to Admissibility | Dispute Admissibility | Stipulate to Authenticity | Dispute Authenticity |
|---|---|---|---|---|---|
|  | Whittaker (2/26/2020) |  |  |  |  |
| 105 | Email from Kristen Whittaker to Shawna McIntire (2/27/2020) | X |  | X |  |
| 106 | Email from Shawna McIntire to Kristen Whittaker (3/3/2020) | X |  | X |  |
| 107 | Email from Kristen Whittaker to Shawna McIntire (3/4/2020) | X |  | X |  |
| 108 | Email from Kristen Whittaker to Shawna McIntire (3/9/2020) | X |  | X |  |
| 109 | Email from Shawna McIntire to Kristen Whittaker (3/9/2020) | X |  | X |  |
| 110 | Email from Ronnie Wendell to Shawna McIntire (9/21/2020) | X |  | X |  |
| 111 | Email from Ronnie Wendell to Shawna | X |  | X |  |

| Ex No. | Document | Stipulate to Admissibility | Dispute Admissibility | Stipulate to Authenticity | Dispute Authenticity |
|---|---|---|---|---|---|
|  | McIntire (10/26/2020) |  |  |  |  |
| 112 | Email from Ronnie Wendell to Shawna McIntire (6/28/2021) | X |  | X |  |
| 113 | Email from Volunteers of America Western Washington to Kristen Whittaker (10/8/2021) |  | Inadmissible for hearsay and relevance | X |  |
| 114 | Email from Kristen Whittaker to Volunteers of America Western Washington (10/11/2021) |  | Inadmissible for hearsay and relevance | X |  |
| 115 | Email from Kristen Whittaker to Shawna McIntire (10/11/2021) | X |  | X |  |
| 116 | Email from Volunteers of America Western Washington to Kristen Whittaker (10/22/2021) |  | Inadmissible for hearsay | X |  |
| 117 | Pay or Vacate Notice (7/11/2017) |  | Inadmissible for relevance | X |  |

[Proposed] Pretrial Order -Page 13 of 17

| Ex No. | Document | Stipulate to Admissibility | Dispute Admissibility | Stipulate to Authenticity | Dispute Authenticity |
|---|---|---|---|---|---|
| 118 | Pay or Vacate Notice (12/7/2017) | | Inadmissible for relevance | X | |
| 119 | Pay or Vacate Notice (1/9/2018) | | Inadmissible for relevance | X | |
| 120 | Pay or Vacate Notice (2/8/2018) | | Inadmissible for relevance | X | |
| 121 | Pay or Vacate Notice (5/9/2018) | | Inadmissible for relevance | X | |
| 122 | Pay or Vacate Notice (6/8/2018) | | Inadmissible for relevance | X | |
| 123 | Pay or Vacate Notice (8/8/2018) | | Inadmissible for relevance | X | |
| 124 | Pay or Vacate Notice (10/8/2018) | | Inadmissible for relevance | X | |
| 125 | Pay or Vacate Notice (11/8/2018) | | Inadmissible for relevance | X | |
| 126 | Pay or Vacate Notice (1/8/2019) | | Inadmissible for relevance | X | |
| 127 | Pay or Vacate Notice (3/7/2019) | | Inadmissible for relevance | X | |
| 128 | Pay or Vacate | X | | X | |

| Ex No. | Document | Stipulate to Admissibility | Dispute Admissibility | Stipulate to Authenticity | Dispute Authenticity |
|---|---|---|---|---|---|
| | Notice (3/10/2020) | | | | |
| 129 | Pay or Vacate Notice (10/25/2021) | X | | X | |
| 130 | Lynnwood Police Department Case Report (2/12/2021) | | Inadmissible for relevance, hearsay and not disclosed pursuant to FRCP 26 | X | |
| 131 | Resident Ledger through 12/31/2022 | X | | X | |
| 132 | Selected portions of HASCO Administrative Plan from 2023 | X | | X | |
| 133 | Notice of Eviction (12/8/2021) | X | | X | |
| 134 | Lynnwood Police Department Case Report (2/13/2023) | | Inadmissible for relevance, hearsay and not disclosed pursuant to FRCP 26 | X | |
| 135 | Selected portions of HASCO VAWA Coordinator Standard Operating Procedure | | Inadmissible for relevance and not disclosed pursuant to FRCP 26 | X | |
| 136 | Email from Jodie Halsne to NWJP (4/4/2023) | X | | X | |

[PROPOSED] PRETRIAL ORDER -Page 15 of 17

ACTION BY THE COURT

(a) This case is scheduled for trial before a jury on June 10, 2024.

(b) Trial briefs shall be submitted to the court on or before June 3, 2024.

(c) Jury instructions requested by either party shall be submitted to the court on or before June 7, 2024.

(d) Suggested questions of either party to be asked of the jury by the court on voir dire shall be submitted to the court on or before June 7, 2024.

(e) (Insert any other ruling made by the court at or before pretrial conference.)

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this 31st day of May, 2024

_____
United States Magistrate Judge

FORM APPROVED

DATED this 24th day of May, 2024

NORTHWEST JUSTICE PROJECT

/s/Scott Crain
Scott Crain, WSBA #37224
Constance Van Winkle, WSBA #58901
Tyler Graber, WSBA #46780

| | |
|---|---|
| 1 | WOOD, SMITH, HENNING & BERMAN LLP |
| 2 | */s/ Josephine F. Meyer* |
| 3 | Timothy J. Repass, WSBA #38373<br>Timothy D. Shea, WSBA #39631 |
| 4 | Josephine F. Meyer, WSBA #58736<br>801 Kirkland Avenue, Suite 100 |
| 5 | Kirkland, WA 98033<br>Phone:  206-204-6802 |
| 6 | Email: trepass@wshblaw.com<br>          tshea@wshblaw.com |
| 7 |           jmeyer@wshblaw.com<br>Attorneys for Defendant Housing Authority of Snohomish County |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |

[Proposed] Pretrial Order -Page 17 of 17